IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 01-00382 REJ |
| | ) | |
| v. | ) | ORDER ON REMAND |
| | ) | |
| PACKWARD KALEILANI TOELUPE, | ) | |
|    a.k.a ."Pupi"; | ) | |
| | ) | |
|         Defendant. | ) | |

On November 1, 2005, the Ninth Circuit Court of Appeals remanded this case for a determination under United States v. Ameline, 409 F.3d 1073, 1083 (9th Cir. 2005), as to whether this court would have imposed a materially different sentence if the United States Sentencing Guidelines ("Guidelines") were advisory and not mandatory. Accordingly, on remand, I have considered defendant Packward "Pupi" Toelupe's original sentence with the understanding that the Guidelines are now advisory and not presumptively correct, but rather are "*one factor* to be considered when selecting the most appropriate sentence for a particular defendant." See United States v. Zavala, 443 F.3d 1165, 1170-71 (9th Cir. Apr. 11, 2006) (emphasis in original).

Although I am sorely tempted to take each count of conviction and add the maximum for each count to run consecutively until a life sentence would be achieved,[1] I have elected to adhere

---

[1] Toelupe contends that under the mandatory Guidelines, "the most liberal interpretation of the jury verdict . . . can only support a sentence of 10 - 12 1/2 years." (Supp.

to my original sentence based on my original findings of June 21, 2002, and March 25, 2003, as well as the factors provided in 18 U.S.C. § 3553(a), the advisory Guidelines, the evidence in the record as originally submitted, the supplemental sentencing memoranda submitted by the parties, and the arguments of counsel presented at the April 25, 2006, hearing. Toelupe's original sentence of twenty years' imprisonment for Count 2, and twenty years' imprisonment for Count 16, to be served consecutively; plus twenty years' imprisonment as to Counts 17 through 21, to be served concurrently, for a total of forty years of imprisonment, followed by a five-year term of supervised release to be served concurrently for all counts, *see* Judgment, March 27, 2003 (# 351), is "sufficient, but not greater than necessary." *See* 18 U.S.C. § 3553(a).

---

Sentencing Statement at 1 (# 389)). Citing Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005), Toelupe argues that conduct that was not charged in the indictment and proven to a jury beyond a reasonable doubt cannot be used to enhance his sentence. I disagree.

     So long as the actual sentence imposed does not exceed the statutory maximums for the crimes of conviction, there is no Apprendi error. *See* United States v. Ellis, 241 F.3d 1096, 1104 (9th Cir. 2001). The statutory maximum penalties provided for Toelupe's convictions were, respectively, life imprisonment for Count 2, conspiracy to possess with intent to distribute and distribute 50 grams or more of methamphetamine; 20 years for Count 16, aiding and abetting the distribution of methamphetamine; 20 years each for Counts 17 and 21, possession with intent to distribute methamphetamine, for a total of 40 years; 40 years each for Counts 18, 19, and 20, possession with intent to distribute and distribution of in excess of 5 grams of methamphetamine, for a total of 120 years.

     The statutory maximum for Count 2 by itself could justify imposing a life sentence, and the sum of the statutory maximums for all of the offenses for which Toelupe was convicted amounts to life plus 180 years. *See* United States v. Iniguez, 368 F.3d 1113, 1116-17 (9th Cir. 2004) (noting that the upper limit for sentencing is the sum of the statutory maximums); *and see* United States v. Buckland, 289 F.3d 558, 571-72 (9th Cir. 2002) (holding that even if an indictment fails to allege a specific drug quantity, so that a 20-year statutory maximum applies pursuant to 21 U.S.C. § 841(b)(1)(c), there is no Apprendi error in "stacking" consecutive sentences). Accordingly, the 40-year sentence I imposed upon Toelupe for the egregious crimes he committed is well below the statutory maximum, as well as below the advisory Guidelines calculation of life imprisonment.

PAGE 2 - ORDER ON REMAND

My supplemental findings at this time are by clear and convincing evidence that defendant Toelupe was one of the largest methamphetamine dealers in the history of Hawaii and that his unconscionable acts played a major role in polluting the Hawaiian islands with epidemic drug abuse. I also find by clear and convincing evidence that the 24 pounds of methamphetamine recovered from the "Space Place" was owned, controlled, and possessed by defendant Toelupe, and that it was the source of contraband used in his massive drug distribution conspiracy. In support of my determination that Toelupe's sentence would not be materially different had the Guidelines been deemed advisory, I reiterate and incorporate by reference the findings dated June 21, 2002, and March 25, 2003, which I made at the time of Toelupe's original sentencing.[2]

I find further that there is no need for a full resentencing hearing, because I would not have exercised my discretion to impose a materially different sentence had I been free to view the Guidelines as advisory when I initially sentenced Toelupe.

/ / /

/ / /

/ / /

---

[2]  Despite Toelupe's continuing challenge to my consideration of the approximately 24 pounds of methamphetamine recovered from the "Space Place" storage facility, I again find that even though he was acquitted of the charge for this conduct, it remains relevant conduct with respect to my sentencing determination not only for the purposes of the Guidelines calculations, but also in arriving at an appropriate sentence under 18 U.S.C. § 3553(a). *See* United States v. Watts, 519 U.S. 148, 157 (1997); *and see* United States v. Toelupe, 101 Fed. Appx. 686, 691 (9th Cir. 2004) (affirming consideration of additional methamphetamine as relevant conduct, and holding that there was no Apprendi error in enhancing sentence based on judge-made drug quantity finding). Although Toelupe urges this court to find otherwise, the law on this point has not changed as of the date of this Order.

/ / /

Accordingly, I conclude that it is not necessary to conduct any further sentencing proceedings or to amend the original Judgment of Conviction in any manner.

    IT IS SO ORDERED.

    DATED this 30th day of May, 2006.

                                    /s/ Robert E. Jones
                                    ROBERT E. JONES
                                    U.S. District Judge