FLORENCE T. NAKAKUNI #2286
United States Attorney
District of Hawaii

LOUIS A. BRACCO
Chief, Special Crime Section

THOMAS J. BRADY #4472
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
tom.brady@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PACKWARD KALEILANI TOELUPE,<br><br>              Petitioner,<br><br>         vs.<br><br>UNITED STATES OF AMERICA,<br><br><br><br><br><br><br>              Respondent. | CV. NO. 09-00194 REJ/LEK<br>CR. NO. 01-00382 REJ<br><br>GOVERNMENT'S RESPONSE TO<br>DEFENDANT'S MOTION UNDER 28<br>U.S.C. § 2255 TO VACATE, SET<br>ASIDE, OR CORRECT SENTENCE BY<br>A PERSON IN FEDERAL CUSTODY;<br>EXHIBITS "A" - "C";<br>DECLARATION OF MARK R. ZENGER<br>CERTIFICATE OF SERVICE |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION UNDER
28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR
<u>CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY</u>**

The United States of America, by its undersigned counsel, hereby responds to Plaintiff PACKWARD KALEILANI TOELUPE's (hereinafter "TOELUPE" or "Defendant") Motion under 28

U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.

I.   **PROCEDURAL BACKGROUND**

On June 14, 2002, PACKWARD KALEILANI TOELUPE ("TOELUPE" or "Defendant") was adjudged guilty by jury verdict of conspiracy to possess with intent to distribute and for distributing in excess of 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count 2); aiding and abetting in the distribution of methamphetamine, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1) (Count 16); possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1)(Counts 17 and 21); and possession with intent to distribute and distribute 5 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1)(Counts 18, 19, and 20). TOELUPE was acquitted of Counts 1, 3 through 7, 10 through 15, 22, 24 through 26.[1]

On March 24, 2003, this Court, following lengthy continuance and significant arguments from the parties, sentenced TOELUPE to 20-years imprisonment as to Count 2 and 20 years

---

[1] This Court granted Defendant's motion for judgment of acquittal as to Counts 23 and 24.  See Government's Exhibit A; pp. 19-21.  As to Count 27 of the First Superseding Indictment, TOELUPE stipulated that he had possessor interest in the $50,020 recovered from the "warehouse."  See Government Exhibit A; p. 21. As a result, this Court ordered that the $50,020 be submitted for forfeiture.  The Government had withdrawn Counts 8 and 9 of the First Superseding Indictment.  See Government's Exhibit A; p. 20.

imprisonment as to Count 16, to run consecutively to Count 2.  As to Counts 17, 18, 19, 20, and 21, TOELUPE was sentenced to a 20-year imprisonment, to run concurrently with each other and with the sentence imposed in Count 2.  Accordingly, TOELUPE was sentenced to a total of forty (40) years imprisonment.  Government's Exhibit "A"; p. 26.

TOELUPE appealed on several grounds including an argument that his sentencing enhancements based upon relevant and acquitted conduct were unconstitutional.  On June 17, 2004, the Ninth Circuit Court of Appeals affirmed Defendant's conviction.  See United States v. Toelupe, 101 Fed.Appx. 686 (9th Cir. 2004).

On August 5, 2004, the Ninth Circuit Court of Appeals ordered the submission dated May 3, 2004 withdrawn pending resolution of the effect of Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531 (2004).  On March 7, 2005, the Ninth Circuit Court of Appeals ordered supplemental briefings pursuant to the Supreme Court's decision in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005).  TOELUPE's request for rehearing *en banc* was denied on November 1, 2005.  This matter was remanded to the District Court for consideration of TOELUPE's sentence imposed as outlined in United States v. Ameline, 409 F.3d 1073, 1083 (9th Cir. 2005) (*en banc*).  On December 19, 2005, TOELUPE's motion to recall mandate was denied.

On April 25, 2006, following the briefing and oral arguments by the parties, this Court took under advisement whether to:  1) abide by the original sentence; or 2) order a new sentence.  On May 31, 1006, this Court filed its Order on remand regarding the sentencing of PACKWARD KALEILANI TOELUPE.  The Court calculated the advisory Guidelines offense level in the same fashion as it did during the original sentencing of TOELUPE in 2003.  After considering the Guidelines and all other relevant sentencing factors pursuant to 18 U.S.C. § 3553(a), this Court again determined that a sufficient, but not greater than necessary sentence for TOELUPE was forty (40) years of imprisonment.

TOELUPE appealed on several grounds including an argument that this Court improperly relied on extra-verdict factual findings in imposing sentence violating TOELUPE's Sixth Amendment. On October 10, 2007, the Ninth Circuit Court of Appeals affirmed Defendant's sentence.  See United States v. Toelupe, 250 Fed.Appx. 808 (9th Cir. 2007).

On April 28, 2008, the Supreme Court denied TOELUPE's petion for writ of certiorari in this matter.

On May 10, 2010, the Government received TOELUPE's current Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or

Correct Sentence by a Person in Federal Custody.[2]  The Government respectfully requests that this Court deny TOELUPE's § 2255 motion as his allegations supporting ineffective assistance of counsel are premised upon legal arguments that have been addressed and denied by the Ninth Circuit Court of Appeals or are patently frivolous and without merit.

## II.  **FACTUAL BACKGROUND**

As this Court proceeded over the entire trial in this matter, the Government respectfully incorporates the factual background established through the trial testimony in this matter. The Government respectfully submits that there was overwhelming evidence that TOELUPE was the leader of a drug trafficking organization that was selling drugs in Waipahu, Hawaii for several years.  TOELUPE paid for his co-defendants' apartments at "the corner" with drugs.  TOELUPE controlled the supply side of his drug distribution network, including setting the price for those drugs.  Co-defendants acknowledged collecting drug proceeds at "the corner" on behalf of TOELUPE and that TOELUPE depended on co-defendant Luis Domingo to look after "the corner" because TOELUPE trusted Domingo.  TOELUPE had been seen with pound quantities of methamphetamine in the past.

---

[2] On April 29, 2009, the Government received TOELUPE's original Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Subsequently, TOELUPE requested leave to amend his petition, which was granted by this Court on March 17, 2010.

As outlined in the First Superseding Indictment, it was the combination of co-defendants statements, trial testimonies, audio taped telephone conversations, and exhibits which provided direct and circumstantial evidence that TOELUPE was a leader of a fairly large illegal drug distribution organization who was responsible for vast amounts of methamphetamine seized from a storage facility as well as the other sites utilized by the TOELUPE drug distribution organization.  See Government's Exhibit "B".

### III. ARGUMENT

#### A.    Law Applicable to TOELUPE's § 2255 Motion

TOELUPE petitions this Court to vacate, set aside, and correct his sentence. In addition, TOELUPE, although it is not entirely clear, appears to be requesting a new trial. A federal prisoner may collaterally attack the legality of his conviction or sentence by filing a motion pursuant to 28 U.S.C. § 2255.  See Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988).  A district court may grant relief under § 2255 if it determines that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack."  28 U.S.C. § 2255.  Section 2255 provides that a court shall hold an

evidentiary hearing on a prisoner's § 2255 motion "unless the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255.  Under Ninth Circuit law, the standard for an evidentiary hearing is whether the prisoner has made specific factual allegations, which if true, state a claim on which relief can be granted.  United States v. Schaflander, 743 F.2d 714, 717 (9th Cir. 1984), cert. denied, 470 U.S. 1058 (1985).

The allegations of the prisoner need not be accepted as true to the extent they are contradicted by the record in the case.  United States v. Quan, 789 F.2d 711, 715 (9th Cir. 1986); Shaiar v. United States, 736 F.2d 817, 818 (1st Cir. 1984).  In addition, no hearing is required where the movant's allegations, when viewed against the records, either fail to state a claim for relief or are so palpably incredible as to warrant summary dismissal.  Shah v. United States, 878 F.2d 1156, 1158 (9th Cir. 1989); Schaflander, 743 F.2d at 717; Quan, 789 F.2d at 715.

### B. TOELUPE Has Failed to Show That Trial and/or Appellate Counsels' Performance Was Ineffective

TOELUPE contends that his trial and/or appellate counsel were ineffective for failure to successfully challenge this Court's "enhancement" of TOELUPE's sentence based upon acquitted conduct as well as many issues already addressed by the Ninth Circuit Court of Appeals. TOELUPE's allegations of

ineffective assistance of counsel are frivolous, lack merit, and should be dismissed without a hearing.

The Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984), enunciated the standard for judging a criminal defendant's contention that the Constitution requires a conviction to be set aside because counsel's representation of defendant was ineffective. To obtain a reversal of conviction the defendant must satisfy the two-prong test established by Strickland. First, the defendant must show, considering all the circumstances, that counsel's performance fell below an objective standard of reasonableness. Id. at 687. Second, the defendant must affirmatively prove prejudice. Id.

To show that counsel's performance fell below an objective standard of reasonableness, the defendant must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. Id. at 690. The court must then determine whether in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. Id. In making that determination, the court should keep in mind that counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case. At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate

assistance and made all significant decisions in the exercise of reasonable professional judgment.  Id.

Even if the court finds that counsel's performance was deficient, the motion cannot be granted unless the court also finds prejudice.  To affirmatively prove prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  Id. at 694.  A reasonable probability is a probability sufficient to undermine confidence in the outcome, id., and the fundamental fairness of the result.  Lockhart v. Fretwell, 506 U.S. 364 (1993); United States v. Garcia, 997 F.2d 1273, 1283 (9th Cir. 1993).  In order to demonstrate ineffective assistance of counsel, the defendant must satisfy both prongs of the test.  Strickland, 466 U.S. at 697; See also United States v. Moore, 921 F.2d 207, 210 (9th Cir. 1990); United States v. Popoola, 881 F.2d 811, 813-14 (9th Cir. 1989); United States v. Grewal, 825 F.2d 220, 222-23 (9th Cir. 1987); United States v. Austin, 817 F.2d 1352, 1354-55 (9th Cir. 1987); United States v. Schaflander, 743 F.2d 714, 717-18 (9th Cir. 1984).

Indeed, the defendant who raises a claim of ineffective assistance of counsel has a very heavy burden to bear.  The reason is that "[i]t is all too tempting for a defendant to second-guess counsel's assistance after a conviction or adverse

sentence, and all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Strickland, 466 U.S. at 689.

### 1. TOELUPE's Trial Counsel Adequately Prepared for Trial and Challenged the Government's Evidence at Every Opportunity

TOELUPE alleges ineffective assistance by his trial counsel, Mark Zenger. Specifically, trial counsel's miscues include failing to ask the jury to determine the amount of drugs the Defendant should be held responsible for, stipulations related to the transcripts of an audio-taped recording, and the defense attorney's characterization of Defendant as a "very bad man," during closing argument. As the record reflects, all of TOELUPE's allegations are without merit and lack any factual basis. Mr. Zenger at all times provided reasonably competent and effective assistance of counsel and TOELUPE, therefore, cannot have suffered any prejudice. Even if Mr. Zenger's performance did fall below an objective standard of reasonableness, which it clearly did not, TOELUPE has failed to prove prejudice as a result of any of his allegations of ineffectiveness.

#### a. Failure to Champion TOELUPE's Rights

TOELUPE alleges that he was denied effective assistance of counsel because Mr. Zenger failed to champion his Fifth and Sixth Amendment rights at trial. In fact, Mr. Zenger filed

numerous pretrial motions specifically addressing and challenging the wiretap evidence and the amount of drugs attributable to TOELUPE.  <u>See</u> Government's Exhibit "A".  Mr. Zenger's declaration directly conflicts with TOELUPE's allegations of ineffective assistance of counsel.  Indeed, TOELUPE was very much engaged in the day to day decisions made on his behalf throughout the trial.  <u>See</u> Declaration of Mark R. Zenger.

### 2. **TOELUPE's Appellate Counsel Provided Professionally Competent Assistance**

TOELUPE argues that he was prejudiced by appellate counsel David Klein's failure to raise sentencing issues on appeal is equally without merit.  Indeed, TOELUPE's sentencing counsel was successful in moving for a lengthy continuance in order to prepare for the sentencing hearing.  Mr. Klein then filed numerous motions on behalf of TOELUPE, including a motion for release pending appeal (Government's Exhibit "C"); a lengthy sentencing statement (Government's Exhibit "D"); a motion for downward departure (Government's Exhibit "E"); and a reply to the Government's response to Defendant's Sentencing Statement (Government's Exhibit "F").  (Government's <u>sealed</u> Exhibits "D"-"F" will be filed under separate cover).  Throughout his sentencing motions, appellate counsel strongly argued the very same issues on behalf of TOELUPE that TOELUPE now alleges counsel neglected.  Thus, the specific sentencing issues that TOELUPE

alleges his attorney was ineffective for not addressing, was in fact raised and argued by his attorney.

Appellate counsel are vested with the authority to determine which issues should be raised on an appeal. Jones v. Barnes, 463 U.S. 745, 751-53 (1983). In addition, a "criminal defendant does not have an absolute right to both self-representation and the assistance of counsel." United States v. Halbert, 640 F.2d 1000, 1009 (9th Cir. 1981); United States v. Bergman, 813 F.2d 1027, 1030 (9th Cir. 1987).

### a. The Court Enhanced TOELUPE's Sentence Based On Facts Not Found by Jury was Proper

TOELUPE argues that his Fifth and Sixth Amendment rights were violated when the Court imposed an enhanced sentence based on facts that were not found by the jury. Specifically, TOELUPE alleges that his sentence was improperly enhanced based on acquitted conduct or offenses.

In fact, TOELUPE's appellate counsel did raise these exact sentencing issues on appeal, twice. In addition, Mr. Klein, TOELUPE's appellate counsel, filed a supplemental sentencing statement on behalf of TOELUPE preserving those same sentencing issues at the re-sentencing hearing of April 25, 2007.

TOELUPE is procedurally barred from raising allegations of sentencing errors since he previously raised the issue he presently complains of on direct appeal. As previously discussed, it is impermissible to raise again, even in a first

§ 2255 motion, matters that have already been litigated in, and resolved by, the federal courts.  See United States v. Redd, 759 F.2d 699, 701 (9th Cir. 1985)("Redd raised this precise claim in his direct appeal, and this court expressly rejected it. Therefore, this claim cannot be the basis of a § 2255 motion"); United States v. Currie, 589 F.2d 993, 995 (9th Cir. 1979) ("Issues disposed of on a previous direct appeal are not reviewable in a subsequent § 2255 proceeding. . . .  We are bound by the previous decision and decline to again review this contention" (citations omitted)).

Section 2255 is not a vehicle designed to provide a defendant with multiple opportunities to challenge a sentence. United States v. Johnson, 988 F.2d 941 (9th Cir. 1993).  Further, a collateral challenge under § 2255 "may not do service for an appeal."  United States v. Frady, 456 U.S. 152, 165 (1982).

**IV. CONCLUSION**

The allegations in TOELUPE's § 2255 motion when viewed against the records, fail to state a claim for relief, or are so palpably incredible as to warrant summary dismissal.  For the

//
//
//
//
//

13

foregoing reasons, the United States of America requests that TOELUPE's § 2255 motion be denied in its entirety without a hearing.

DATED: June 14, 2010, at Honolulu, Hawaii.

Respectfully submitted,

FLORENCE T. NAKAKUNI
United States Attorney
District of Hawaii


By /s/ Thomas J. Brady
  THOMAS J. BRADY
  Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

        I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known address:

<u>Served by U.S. Mail:</u>

PACKWARD KALEILANI TOELUPE                          June 14, 2010
Register No. 88240-022
Federal Correctional Institution
P.O. Box 4200
Three Rivers, Texas 78071

Pro Se Defendant

        DATED: June 14, 2010, at Honolulu, Hawaii.

                                            <u>/s/ Shelli Ann H. Mizukami</u>