FLORENCE T. NAKAKUNI #2286
United States Attorney
District of Hawaii

LESLIE E. OSBORNE, JR. #3740
Chief, Criminal Division

THOMAS J. BRADY #4472
Assistant U.S. Attorney
Suite 6100, PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, Hawaii   96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
Email:  Tom.Brady@usodj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CV. NO. 13-00620 REJ |
| ) | CR. NO. 01-00382 REJ |
| Respondent, ) | |
| ) | GOVERNMENT'S RESPONSE TO |
| vs. ) | DEFENDANT'S MOTION UNDER 28 |
| ) | U.S.C. § 2255 TO VACATE, |
| PACKWARD K. TOELUPE, ) | SET ASIDE, OR CORRECT SENTENCE; |
| ) | EXHIBITS "A"–"C"; CERTIFICATE |
| Defendant-Petitioner. ) | OF SERVICE |
| _____ ) | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION UNDER
28 U.S.C. § 2255 TO VACATE, SET-ASIDE OR CORRECT SENTENCE

Respondent, the United States of America, by its

undersigned counsel, hereby responds and moves to dismiss Defendant

PACKWARD K. TOELUPES's (hereinafter "TOELUPE" or "Defendant") second

Motion under 28 U.S.C. § 2255 to Vacate, Set-Aside or Correct

Sentence.

The Government respectfully requests that this Court

dismiss TOELUPE's second Motion under 28 U.S.C. § 2255 to Vacate,

Set-Aside or Correct Sentence as his allegations are premised upon

legal arguments that have already been addressed and denied by this

Court as well as the Ninth Circuit Court of Appeals.  In addition

to by untimely, these arguments are also patently frivolous and

without merit.

I.   <u>PROCEDURAL BACKGROUND</u>

As this Court was the trial court as well as the Court that

addressed TOELUPE's initial Motion under 28 U.S.C. § 2255 to Vacate,

Set-Aside or Correct Sentence, filed on May 10, 2010, it is well

familiar with the procedural background.  The Government herein

incorporates this Court's Opinion and Order filed October 26, 2010

which succinctly addresses the procedural background of this case.

<u>See</u> Exhibit "A."

As to TOELUPE's initial Motion under 18 U.S.C. § 2255, on

June 15, 2011, this Court issued its Order Denying a Certificate of

Appealability as TOELUPE had not made a substantial showing of a

denial of a constitutional right.  <u>See</u> Exhibit "B."  On October 27,

2011, the Ninth Circuit Court of Appeals filed its own order denying

2

TOELUPE's request for certificate of appealability and denied all

pending motions as moot. See Exhibit "C."

More than two years later, TOELUPE files his present

motion, his second Motion under 28 U.S.C. § 2255 to Vacate, Set-Aside

or Correct Sentence. As in the past appeals and § 2255 motion,

TOELUPE again raises allegations of violations of his Fifth and Sixth

Amendment rights by this Court's use of "acquitted conduct," and the

standards used in resolving factual disputes at sentencing. Relying

inappropriately on Alleyne V. United States, 133 S.Ct. 2151 (2013)

TOELUPE now seeks to have these same issues re-litigated.

A. TOELUPE's Reliance on Alleyne is Misplaced

TOELUPE contends that his present claims are based on the

newly decided Supreme Court decision in Alleyne v. United States,

133 S.Ct. 2151 (2013).[1] To be sure, Alleyne adopted a new

constitutional rule of criminal procedure, which, under Teague v.

Lane, 489 U.S. 288 (1989), is not retroactively applicable to cases

that became final before the decision was announced.

---

[1] In Alleyne v. United States, 133 S.Ct. 2151 (2013), the Supreme Court held that the constitutional rule announced in Apprendi v. New Jersey, 530 U.S. 466 (2000), applies to facts that increase the mandatory minimum punishment for a crime, and that under Apprendi, any fact (other than the fact of a prior conviction) that increases a mandatory minimum sentence "is an element" that must be submitted to the jury and found beyond a reasonable doubt." 133 S.Ct. at 2155.

Under Teague, new procedural rules do not apply retroactively to cases on collateral review unless they qualify as "watershed" rules implicating "the fundamental fairness and accuracy of the criminal proceeding."  Saffle v. Parks, 494 U.S. 484, 495 (1990).  The Supreme Court had defined a "new rule" under Teague as one that was not "dictated by precedent existing at the time the defendant's conviction became final."  Graham v. Collins, 506 U.S. 461, 467 (1993) (quoting Teague, 489 U.S. at 301 (emphasis in Teague)); see Sawyer v. Smith, 497 U.S. 227, 234 (1990).  The rule announced in Alleyne was not dictated by prior precedent; rather, Harris v. United States, 536 U.S. 545 (2002), dictated the opposite result.  The Alleyne rule is procedural because unlike a substantive rule, which "alters the range of conduct or the class of persons that the law punishes," Alleyne's holding "regulate[s] only the manner of determining the defendant's culpability."  Schriro v. Summerline, 542 U.S. 348, 353 (2004).  And like Apprendi itself, Alleyne did not announce a "watershed" rule "without which the likelihood of an accurate conviction is seriously diminished."  Schriro, 542 U.S. at 352 (quoting Teague, 489 U.S. at 313).[2]

---

[2]   Consistent with the reasoning in Schriro, the Ninth Circuit Court of Appeals has held that because Apprendi is a procedural rule that does not fall with the "watershed" exception, it is not retroactively applicable to cases on collateral review.  See United States v. Sanchez-Cervantes, 282 F.3d 664 (9th Cir. 2002).

1.   <u>What the Decision in Alleyne Did Not Do</u>

<u>Alleyne</u>'s holding that facts that increase mandatory minimums must be treated as elements did not invalidate any criminal statute.

<u>Alleyne</u> also did not overrule <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998), which held that prior conviction of a crime may constitutionally be treated as a sentencing factor, rather than as an element of the offense.  See <u>Alleyne</u>, 133 S.Ct. at 2160 n.1 (noting <u>Almendarez-Torres</u> exception to <u>Apprendi</u> rule).

Finally, <u>Alleyne</u> did not affect the holding of <u>United States v. Booker</u>, 543 U.S. 220 (2005), that sentencing courts may make factual findings that increase a defendant's Sentencing Guideline range, so long as the Guidelines are treated as advisory. In this case, the mandatory minimums associated with the charged offenses was not an issue as the amounts of methamphetamine that TOELUPE was found guilty of by a jury placed him in a base offense range well above the mandatory minimum term of 10 years, pursuant to 21 U.S.C. § 841(b)(1)(A).  Thus, Section 2255 motions, like TOELUPE's, raising <u>Alleyne</u> claims are not timely under 2255(f)(3) because, as explained above, the decision is not "retroactively applicable to cases on collateral review."

II.   CONCLUSION

Contrary to TOELUPE's assertion that the district court violated his Fifth and Sixth Amendment rights, the record demonstrates that the district court clearly did not violate any of TOELUPE's constitutional rights while considering all of the factors set forth in Title 18 U.S.C. § 3553(a) and concluded that TOELUPE's original sentence was sufficient, but not greater than necessary to comply with the purposes of Section 3553(a)(2). The Government respectfully submits that TOELUPE's sentence was reasonable and TOELUPE's should be affirmed in its entirety.

Furthermore, TOELUPE's second Motion under 28 U.S.C. § 2255 to Vacate, Set-Aside or Correct Sentence should be dismissed as his allegations are premised upon legal arguments that have already been addressed and denied by this Court as well as the Ninth Circuit Court of Appeals.  In addition to being untimely, these arguments are also patently frivolous and without merit.

Dated:  December 17, 2013, at Honolulu, Hawaii.

Respectfully submitted,

FLORENCE T. NAKAKUNI
United States Attorney
District of Hawaii


By /s/ Thomas J. Brady
   THOMAS J. BRADY
   Assistant U.S. Attorney

6

CERTIFICATE OF SERVICE

I hereby certify that, on the dates and by the method of service noted below, a true and correct copy of the foregoing was served on the following at his last known address:

Served by Certified Mail:

PACKWARD KALEILANI TOELUPE                    December 17, 2013
#88240-022
FCI THREE RIVERS
FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 4200
THREE RIVERS, TX 78071

DATED:  December 17, 2013, at Honolulu, Hawaii.


                              /s/ Janice Tsumoto